JEAN FULLER et al., Respondents, v. LUIR KIO et al., Appellants.— Appeal from a judgment and order of the Trial Term, St. Lawrence County Supreme Court. Plaintiffs are husband and wife and were injured in an automobile accident September 19, 1952, when the car in which they were traveling, operated by Mr. Fuller, collided on Route No. 87 in St. Lawrence County with a car owned by defendant Leon Kio and operated by defendant Levi Kio. The theory of

negligence advanced by plaintiffs is that the Kio car, moving in the opposite direction, came over into their lane of travel. A verdict of $10,000 was returned for Mrs. Fuller and a verdict of $10,000 for Mr. Fuller. Appellants do not argue that the verdict for Mrs. Fuller is against the weight of the evidence on the question of negligence; they rest their appeal in her case on an error of law in the reception of evidence on the extent of her injuries. In specifying her injuries Mrs. Fuller's last bill of particulars stated she had "injury and damage to brain"; "lacerations and hemorrhage of brain"; "scarring in cerebral cortex"; "courtical epiletogenic focus"; and "post-concussional syndrome". A medical witness for the plaintiff testified that Mrs. Fuller had a tendency to epilepsy which pre-existed the accident and which became reactivated and aggravated by the accident. The record suggests in some aspects that appellants would regard the specification "courtical epiletogenic focus" as suggesting a predisposition or tendency to epilepsy, which, of course, itself is not usually of traumatic origin; and there is in the record proof to suggest that a history of a previous tendency to epilepsy was available to defendants in preparing their medical case for trial. We do not regard the ruling of the court allowing the medical opinion to be given either as so erroneous or as so harmful to appellants as to require a new trial. The physical injuries to Mrs. Fuller were not serious but there was medical opinion of resulting consequences to the nervous system which might justify a verdict of $10,000. The husband has received $5,000, which except for medical expenses of $333 is based on the loss of services and consortium of the wife, and the record of damage in this respect is extremely thin, resting on the merest generalities. There is no proof of any continued or substantial change in the actual doing of her household work; no one was hired to do the work for her; there was no actual loss of society shown; and the proof was laid along vague and general lines. We regard this verdict as excessive. The husband also received a verdict of $5,000 for his own injuries and for damage to his car claimed in the sum of $320.12. The actual injuries suffered by him were slight and required only superficial medical treatment. Plaintiff claims that an old gastric ulcer was reactivated some time after the accident and an old back condition troubled him again as results of the accident. We regard these claims as having little substance to be demonstrated from this record and we think the verdict for Mr. Fuller based on his own injuries is excessive. It is claimed by the appellants also that the verdict in favor of Mr. Fuller, as the driver of his car, is against the weight of the evidence on negligence, but we regard it a fair question of fact whether the defendant driver pulled into the Fuller lane of traffic. The judgment in favor of Jean Fuller is affirmed, with costs; the judgment in favor of Leonard Fuller is reversed on the facts on the ground of excessiveness and a new trial ordered unless within ten days of the notice of entry of the order herein such plaintiff stipulate to reduce each of the verdicts in his favor from the sum of $5,000 to the sum of $2,500 and upon the filing of such stipulation the judgment appealed from is affirmed, with costs. Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ., concur.